~~DUPLICATE ORIGINAL~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

MAR - 6 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

JORGE LEYVA,

Plaintiff,

vs.

B & M LANDSCAPING, INC., a Florida Corporation, and
KEVIN BAPTISTE, individually,

Defendants.
_____/

Case No.:

09-20572

CIV-UNGARO
MAGISTRATE JUDGE
SIMONTON

## COMPLAINT

1. Plaintiff, JORGE LEYVA (hereinafter referred to as "Plaintiff"), was an employee of Defendants, B & M LANDSCAPING, INC., a Florida Corporation, and GOPAL KEVIN BAPTISTE, individually (hereinafter referred to as "Defendants"), and brings this action on behalf of himself and other similarly situated employees of Defendants for the minimum wage and overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. At all times material hereto, Plaintiff performed non-exempt duties as a maintenance man for Defendants in Dade County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff JORGE LEYVA was hired by Defendants in approximately January 2009 and worked for Defendants continuously until approximately February 16, 2009.

4. Based upon the information preliminarily available, and subject to discovery

1

in this cause, Plaintiff's typical weekly schedule, which was sometimes longer, included six (6) days per week, for an understated average of approximately seventy eight (78) hours per work week. Additionally, Plaintiff was required to work through his lunch time. Plaintiff was paid a flat rate of $60 in cash per day for his first 15 days of employment with Defendants. Plaintiff then maintained the same work schedule as referenced above from approximately February 3, 2009 through approximately February 16, 2009. Plaintiff was paid zero ($0.00) for the time period encompassing February 3, 2009 through February 16, 2009. Plaintiff made repeated requests for his money from Kevin Baptiste but as of the date of this Complaint, Plaintiff still has not been paid.

5. Defendant, B & M LANDSCAPING, INC., owns and/or operates a landscaping company for profit in Dade County, Florida, that employs persons such as Plaintiff and other similarly situated employees to work on its behalf in providing labor for its landscaping company. This Corporate Defendant is within the personal jurisdiction and venue of this Court.

6. At all times material hereto, KEVIN BAPTISTE, managed, owned and/or operated B & M LANDSCAPING, INC.., and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of B & M LANDSCAPING, INC. By virtue of such control and authority, KEVIN BAPTISTE was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. §201 et seq.

7. Defendants directly or indirectly acted in the interest of an employer towards

Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and others similarly situated.

8. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

9. This cause of action is brought to recover from Defendants minimum wages, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

10. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of Defendants.

11. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

12. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, the corporate Defendant, B & M LANDSCAPING, INC., was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

13. At all times pertinent to this complaint, Defendants failed to comply with Title 29

U.S.C. §§ 201-209 in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a work week.

14. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have been denied the minimum wage and worked in excess of Forty (40) hours during one or more work weeks on or after March 2006 and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

15. Plaintiff has retained the law office of Card & Glenn, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
### RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff realleges, and incorporate here by reference, all allegations contained in Paragraphs 1 through 15 above.

17. Plaintiff is entitled to be paid minimum wage, and time and one-half of the minimum wage for each hour worked in excess of Forty (40) hours per work week.

18. All similarly situated employees of Defendants are similarly owed the minimum wage and their overtime rate for each overtime hour they worked and were not properly paid.

19. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to him at the minimum wage, as well as time and one half of the minimum wage for all hours worked in excess of Forty (40) hours per week.

20. By reason of the said intentional, willful, and unlawful acts of Defendants,

4

Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

21. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly are entitled to liquidated damages.

22. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JORGE LEYVA, and those similarly situated to him who have or will opt into this collective action, demand judgment, jointly and severally, against Defendants, B & M LANDSCAPING, INC., and KEVIN BAPTISTE, for the payment of compensation at the minimum wage rate and for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

Dated: March 4, 2009                           Respectfully submitted,

 

J. Dennis Card, Jr.
Florida Bar No. 0487473
E-mail: Dennis@floridaovertimeattorneys.com
Andrew I. Glenn
Florida Bar No. 577261
Email: Andrew@floridaovertimeattorneys.com
Card & Glenn, P.A.
2131 Hollywood Boulevard, Suite 405
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff

5

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Jorge Leyva

**DEFENDANTS**
B & M Landscaping, et al

**(b)** County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Card & Glenn, PA, 2131 Hollywood Boulevard, Suite 405, Hollywood, FL 33020 (954) 921-9994

Attorneys (If Known)
Unknown

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

[FILED by ___ D.C. MAR 6 2009 STEVEN M. LARIMORE CLERK U.S. DIST. CT. S.D. of FLA. – MIAMI]

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

[Handwritten: Dade 09cv 20572-U...]

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ✗ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ✓ NO       b) Related Cases ☐ YES ✓ NO
JUDGE ___       DOCKET NUMBER ___

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
29 USC 216(b) Action for unpaid wages
LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD [signature]
DATE 3/5/09

FOR OFFICE USE ONLY
AMOUNT 350       RECEIPT # 096489